IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CITY OF KANSAS CITY, MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-0510-CV-W-GAF |
| | ) | |
| YARCO COMPANY, Inc. | ) | |
| and CHURCHILL PROPERTIES, L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is Defendants Yarco Company, Inc. ("Yarco") and Churchill Properties, L.P.'s ("Churchill") (jointly "Defendants") Motion for Judgment on the Pleadings. (Doc. #9). Defendants argue that Plaintiff City of Kansas City, Missouri (the "City"), (1) lacks standing to assert a violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, against them and (2) has failed to state a plausible cause of action for discrimination. (Doc. #10). The City opposes. (Doc. #13). For the reasons set forth below, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

## DISCUSSION

**I.  FACTS**[1]

At times relevant to this case, Churchill owned and/or maintained the Cloverleaf Apartment buildings ("Cloverleaf Apartments") located at 14554 South 71 Highway in Kansas City, Jackson County, Missouri. Yarco, during the same period of time, operated and/or managed Cloverleaf Apartments. On or about June 30, 2008, through the time the City filed its Petition, Defendants used

---

[1]All facts are taken from the City's Petition unless otherwise noted.

1

lease agreements at Cloverleaf Apartments containing the following language in the "Apartment Rules and Regulations" section: "CURFEW time for everyone under the age of 18 will be 8:30 p.m. nightly."

Believing that the aforementioned "curfew" discriminated against all families with children under the age of eighteen, the City filed a complaint with the U.S. Department of Housing and Urban Development ("HUD"). In accordance with a contract between HUD and the City's Human Relations Department ("HR Department"), HUD forwarded the City's complaint to the City's HR Department for further investigation.

The City's HR Department issued a reasonable cause finding on October 15, 2008, finding that Defendants had engaged in discriminatory practices against families with children under the age of eighteen. On October 25, 2008, the City's HR Department issued a reasonable cause determination. It then attempted to conciliate the matter between the City and Defendants, but the parties could not reach an agreement.

On March 13, 2009, the City's Human Rights Commission issued a Notice of Hearing. Defendants, however, opted to forego a hearing in favor of a civil action in accordance with Kansas City, Missouri, Municipal Code § 38-33(b) and Mo. Rev. Stat. § 213.076. The City then filed this case on May 12, 2009, in the Circuit Court of Jackson County, Missouri. The Petition alleges violations of § 38.131-137 of Kansas City Ordinance #930612, Mo. Rev. Stat. § 213.040(2), and 42 U.S.C. § 3604. On July 2, 2009, Defendants removed the case to this Court.

## II. STANDARD

Fed. R. Civ. P. 12(c) governs motions for judgment on the pleadings. A motion for judgment on the pleadings is treated the same as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashley*

*County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Under Rule 12(b)(6), a court may dismiss a cause of action for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). A Rule 12(b)(6) motion should be granted only if the plaintiff fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the plaintiff to the relief requested. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999).

### III.    ANALYSIS

Defendants argue that the City has failed to state a claim for discriminatory practices because it has not set forth sufficient facts evincing Defendants' intent to discriminate. The City opposes, reasoning that its Petition contains facts sufficient to infer discriminatory intent. Alternatively, the City requests the Court to allow it to amend its Petition to cure defects and has attached a copy of its proposed amendment to its Suggestions in Opposition. (Doc. #13-1).

Fed. R. Civ. P. 8 governs general pleading standards. Applying those standards, in *Twombly*, the Supreme Court decided whether a plaintiff had pled sufficient facts to state a claim of conspiracy under Section 1 of the Sherman Act. 550 U.S. at 554-55. The Court held that a conspiracy claim "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 556. Further, "lawful parallel conduct fails to bespeak unlawful agreement," and "a

3

conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 556-57. Such conclusory allegations get the complaint close to stating a claim, "but without some further factual enhancement [they] stop[] short of the line between possibility and plausibility of entitle[ment] to relief." *Id.* at 557 (internal quotations omitted); *see also Iqbal*, -- U.S. at --, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotations omitted).

While *Twombly* and *Iqbal* dealt with claims of conspiracy, the principles underlying the decisions are generally applicable here. In its Petition, the City alleged the following facts pertaining to Defendants' alleged discrimination: 1) Defendants' lease agreement contained a curfew provision reading, "CURFEW time for everyone under the age of 18 will be 8:30 p.m. nightly"; and 2) the curfew provision "discriminates against families with children in access to the complex facilities and limits the use of complex facilities by children tenants" in violation of local and federal law.

As stated above, the Court must take all well-pleaded facts as true. However, the Court is free to disregard facts that represent mere legal conclusions or recitations of the elements of a given cause of action. The parties do not deny that the lease agreements at issued contained the curfew provision. This statement, taken as true, however, is insufficient to demonstrate Defendants' actually had intent to discriminate rather than a parallel, non-discriminatory reason for adopting the curfew provision, such as a legitimate desire to reduce juvenile crime and protect children. *See Twombly*, 550 U.S. at 556-57. Without further factual support, the City's claim of discriminatory intent "stops short of the line between possibility and plausibility of entitle[ment] to relief." *See id.* at 557; *see also Iqbal*, -- U.S. at --, 129 S. Ct. at 1949.

4

The question then becomes whether the City's second allegation (i.e., that the curfew provision discriminates against certain potential lessees) is a factual allegation sufficient to lift its claim to the realm of plausibility. The Court concludes that it is not. This allegation amounts to a mere legal conclusion that the Court need not and does not accept as true. Because the City's Petition fails to offer any further truly factual allegation demonstrating Defendants' discriminatory intent, the City has failed to state a claim for discriminatory practices. Defendants' Motion for Judgment on the Pleadings is, therefore, **GRANTED.**[2]

The City argues and the Court admits that, generally, amendments to cure pleadings deficiencies are preferred over dismissal. *See Sunkyong Intn'l, Inc. v. Anderson Land & Livestock Co.*, 828 F.2d 1245, 1252 (8th Cir. 1987). However, if it is clear that an amendment would be futile because it would not cure the grounds for dismissal, judicial economy and fear of subjecting a defendant to unnecessary cost and prejudice necessitate dismissal. *See Blue Tee Corp. v. ASARCO, Inc.*, No. 03-501-CV-SW-FJG, 2005 WL 1532955, at *8 (W.D.Mo June 27, 2005) (denying leave to amend when such amendment would be futile and new claims would not withstand a motion to dismiss); *see also Schneider v. Kennely*, No. 3:06-cv-64, 2009 WL 2982874, at *7 (D.N.D. Sept. 14, 2009).

---

[2]As noted above, Defendants also argue the City lacks standing to sue them under the federal Fair Housing Act. Defendants assert only an aggrieved person or the Secretary of HUD may file such an action. The City, without citation to authority, argues that it has standing because HUD referred the matter to it, thus, placing its local director in the Secretary of HUD's shoes. No where in its Petition does the City assert that it is bringing this claim on behalf of the Secretary of HUD. While the Court is skeptical that standing to bring this claim exists, it is unnecessary at this time to form a definitive opinion on the issue, and the Court refrains from doing so.

Case 4:09-cv-00510-GAF   Document 15   Filed 10/19/09   Page 5 of 6

In its proposed Amended Petition, the City attempts to cure its pleading defects by setting forth the following allegation: "Defendants intended to and did use the curfew to treat residents of 18 years of age and younger, families with children and children under the age of 18 years of age different that those 18 years of age or older." This allegation represents a recitation of an element in the City's claim of discrimination and is merely another way to state the City's belief that Defendants did engage in discrimination, which is a legal conclusion. The Court does not accept this allegation as true. The City's proposed Amended Petition offers no further factual basis to demonstrate Defendants' discriminatory intent. Thus, the City's proposed amendment would be futile, and its motion for leave to amend its Petition is **DENIED.**

## **CONCLUSION**

The City has failed to plead facts sufficient to demonstrate a plausible entitlement to relief. For this reason, and those set forth above, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

**IT IS SO ORDERED.**

        s/ Gary A. Fenner
        Gary A. Fenner, Judge
        United States District Court

DATED: **October 19, 2009**